GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
ARAKSYA BOYADZHYAN, ESQ. (STATE BAR NO. 299917)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVENUE
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE: (818) 754-6778

Attorney for Plaintiff,
DENZELL YOUNG

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENZELL YOUNG<br><br>Plaintiff,<br><br>V.<br><br>CITY OF CULVER CITY, CULVER CITY POLICY DEPARTMENT, KYWAN OWENS, RICO GUTIERREZ, and DOES 1 to 10, inclusive,<br>Defendants. | Case Number: 2:25-cv-02967-MWF-RAO<br><br>PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES:<br><br>42 U.S.C § 1983- Violation of Plaintiff's Fourth Amendment Right- Excessive Force<br>42 U.S.C § 1983- Monell Liability<br><br>**[JURY TRIAL DEMAND]** |

///

///

///

## PRELIMINARY STATEMENT

1. This is a civil rights action for damages arising from the unreasonable and excessive use of force against Plaintiff DENZELL YOUNG on 04/05/2023 in Culver City, California by Defendants which resulted in the violations of Plaintiff's rights guaranteed to him under the United States Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and the Fourth Amendments to the United States Constitution. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.
3. At all relevant times to the facts underlying the present complaint, Plaintiff Denzell Young (hereinafter "Plaintiff") is and was a resident of Inglewood, California, at the time of the allegations set forth herein.
4. Venue is proper in the Central District of California under 28 U.S.C. § 139(a) and (b).

## PARTIES

5. Plaintiff, Denzell Young, brings his claims under 42 U.S.C. § 1983 for deliberate indifference to his constitutionally protected interests. Plaintiff brings his claim under 42 U.S.C §1983 for violations of his Constitutional rights.
6. Defendant CITY OF CULVER CITY, (hereinafter "Culver City" or "City") is and at all times mentioned herein was, a municipal corporation or political

subdivision of the United States organized and existing under the laws of the State of California. Defendant Culver City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the organization, and particularly said Department's training, tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance.

7. Defendant Culver City Police Department (hereinafter "CCPD") is a law enforcement agency working in and for Culver City.

8. Defendant OFFICER KYWAN OWENS (hereinafter "OFFICER OWENS") is and at all times mentioned herein was, an agent or employee of Culver City and CCPD.

9. Defendant OFFICER RICO GUTIERREZ (hereinafter "OFFICER GUTIERREZ) is and at all times mentioned herein, was an agent or employee of Culver City and CCPD.

10. OFFICER OWENS, OFFICER GUTIERREZ, DOE DEFENDANTS 1-10 are all jointly referred to herein as OFFICER DEFENDANTS.

11. At all relevant times, Defendants Culver City and CCPD, (collectively may be referred to throughout complaint as "Municipal Defendants") and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training,

supervision, control, employment, assignment and removal of individual members of the CCPD, including those individuals charged with protecting the health and safety of the public, including Plaintiff, and to assure that said actions, policies, rules, regulations, customs, practices and procedures of the CCPD and its employees and agents complied with the laws and constitutions of the United States and the State of California. At all relevant times, the CCPD were the employers of OFFICERS OWENS, OFFICER GUTIERREZ, and Doe officers.

12. Plaintiff is informed and believes and thereon alleges that Defendants sued herein as DOES 1 through 10, inclusive, were officers and employees/agents of Defendant CCPD, and were at all relevant times acting in the course and scope of their employment and agency with Defendant CCPD. Each Defendant is the agent of the other. Plaintiff alleges that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiff will ask leave of this Court to amend the Complaint to allege such names and responsibility when that information is ascertained. Each individually named Doe defendant, like each individually named defendant, acted under color of law and within the scope of his or her agency and employment with the City Municipal Defendants. Each Doe is sued in both his/her official and individual capacities. Officers, whose names are unknown at this time and are herein

sued as DOES 1-10 inclusive, were employed by and acting in the course and scope of their employment with the CCPD.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. This complaint concerns an incident which occurred on or about April 5, 2023 at or near Green Valley Circle and Sepulveda Boulevard in Culver City, California.

14. On the aforementioned date, Denzell Young was operating his 2020 Tesla Model 3 license plate 8YHE332 (hereinafter "vehicle") when the vehicle suddenly stalled in the roadway. Officers Owens and Gutierrez with the CCPD arrived and parked their patrol vehicle behind the Plaintiff's vehicle. Plaintiff explained to the officers that the vehicle had stalled. Officers Owens and Gutierrez advised Plaintiff to get back into the vehicle and that they would assist him in moving the stalled vehicle from the middle of the road.

15. After the vehicle failed to start, Plaintiff again stepped out of the vehicle. While standing outside his vehicle and under the impression that officers were attempting to assist him in moving his vehicle, Plaintiff was in dismay when both Defendant officers without warning to Plaintiff proceeded to attempt to arrest Plaintiff.

16. Plaintiff given his surprise was reasonably taken aback by Officer Defendants' conduct. In a state of confusion due to the abrupt change in situation, Plaintiff was unaware what was happening. At that moment, Officers Owens and Gutierrez then applied grave and excessive force against Plaintiff. Officer Defendant Owens then placed his arm over Plaintiff's neck in a choking fashion, punched Plaintiff Young in the head, pulled him by the dreadlocks, and threw him to the floor. Officer Gutierrez assisting Officer Owens also threw Plaintiff Young to the floor utilizing excessive and unreasonable force. Officers both used their entire body weight to throw Plaintiff onto the pavement. Plaintiff at no time attempted to flee or use force against the officers.

17. Plaintiff thereafter was arrested, and required to post bail in the amount of $35,000 and was charged in Los Angeles Superior Court Case SA108134.

18. As a result of the excessive force by the Officer Defendants, Plaintiff suffered injuries including mental injuries, pain and suffering, headaches, wrist pain and knee pain. He was taken to Southern California Hospital wherein he was found to have abrasions to his knees and a wrist sprain. Denzell Young suffered damages including physical injuries and was required to enlist the help of medical physicians.

19. Plaintiff Young was also required to post bail with Aladdin Bail Bonds in the amount of $35,000, and was criminally charged under People of the

State of California v. Denzell Young, Case No. *SA108134* (hereinafter "Underlying Criminal Case").

20. The damages sustained by Denzell Young are a direct and proximate result of the actions by Defendants.

**<u>FIRST CAUSE OF ACTION</u>**

**[42 U.S.C. §1983] VIOLATION OF CIVIL RIGHTS –VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT- EXCESSIVE FORCE**
**(By Plaintiff against Officer Defendants)**

21. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

22. Plaintiff is informed, believes, and therefore alleges, that on or about April 5, 2023 Officer Defendants, and each of them, committed actions in violation of and with deliberate indifference to Denzell Young's Fourth Amendment right to be free from excessive force.

23. Plaintiff Denzell Young had the right to be free from excessive force. These rights and privileges are secured to Denzell Young by the provisions of the Fourth Amendment to the United States Constitution, and by 42 U.S.C. §1983. All of these interests were implicated by the wrongful conduct of Officer Defendants which proximately caused the injuries sustained by Plaintiff.

24. Each of the Officer Defendants acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiff of his federally protected rights and privileges, and did in fact violate those rights and privileges, entitling Plaintiff to punitive and exemplary damages against individual DOE Defendants in an amount to be proven at the trial of this matter.

25. On or about April 5, 2023 Officers KYWAN OWENS, RICO GUTIERREZ and DOE Defendants, and each of them, assaulted, and used excessive force against Plaintiff DENZELL YOUNG as previously described, all of which constituted excessive, unjustifiable, and unreasonable force in violation of and with deliberate indifference to DENZELL YOUNG'S Fourth Amendment right.

26. The force utilized by Officers KYWAN OWENS, RICO GUTIERREZ and DOE Defendants was not "objectively reasonable" under the circumstances given that the Officer Defendants came to Plaintiff's aid then Officer Defendants without warning used excessive forced against Plaintiff, including punching him in the head, pulling him by his dreadlocks, throwing him to the floor and placing their body weight onto Plaintiff.

27. The nature of the situation and circumstances known to Officer Defendants did not warrant the amount of force applied.

28. The Plaintiff did not pose any risk of harm to officers, in fact, Plaintiff greeted the officers when they arrived and thanked them for helping him try to get his car off the road.

29. As a direct and proximate result of the aforesaid acts of Officer Defendants and each of them, Plaintiff Denzell Young has suffered physical and mental injury, and incidental damages in a sum to be determined at trial.

30. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

31. By reason of the aforementioned acts and omissions of acts of Defendants, and each of them, Plaintiff has suffered severe physical pain, mental anguish, emotional distress, and financial losses as alleged.

## SECOND CAUSE OF ACTION

**[42 U.S.C. §1983] VIOLATION OF CIVIL RIGHTS –(MONELL LIABILITY)**

**(By Plaintiff against City of Culver and Culver Police Department )**

32. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

33. Defendant CCPD and City of Culver had a longstanding custom of allowing officers to utilize force by means including pulling by dreadlocks, and placing arms over an individuals neck in a choking fashion.

34. Officer Defendants acted under the color of state law as Officers with CCPD and City of Culver at all relevant times to the Complaint.

35. The acts of Officer Defendants acted pursuant to the widespread and longstanding practice and custom of CCPD and City of Culver in permitting their officers to utilize pulling of dreadlocks, and placing an arm over the individual in a choking fashion.

36. This widespread and longstanding practice or custom included repeated constitutional violations that were not properly investigated and for which the violator were not disciplined, reprimanded or punished.

37. The above articulated constitutional violations were proximately caused by the Defendants City of Culver and CCPD'S deliberate indifference to the maintenance, training, and control of the CCPD officers, Defendants OWENS AND GUTIERREZ and all Officer Defendants.

38. California Assembly Bill 1196, (hereinafter AB 1196) enacted on September 30, 2020, added Government Code § 7286.5, which explicitly banned all chokeholds and carotid restraints by all California law enforcement agencies. Yet, the City of Culver and CCPD pursuant to its "Culver City PD Policy Manual" in effect at the time of the incident did

not explicitly ban use of "all" chokeholds. Furthermore, City of Culver and CCPD also did not restrict against use of force by pulling dreadlocks. This is the manual that Culver City PD utilized at the time of the incident in training its employees and officers, and said manual did not restrict use of "all" chokeholds, and pulling by dreadlocks. Defendant City of Culver and CCPD's failure to properly train officers that no chokeholds are permitted as banned by law pursuant to AB 1196 amounts to a failure to train warranting *Monell* liability. The injury to Plaintiff would not have resulted if Defendant City of Culver and CCPD had properly trained their employees.

39. The training policy in effect at the time of the incident, was deliberately indifferent to the constitutional rights of people such as Plaintiff, because it is directly contrary to what is required under AB 1196.

40. The permitted or tolerated use of force involving choking, and the pulling of a person by their dreadlocks—hairstyles that carry deep cultural and racial significance, particularly within the Black community—constitutes a violation of constitutional rights under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), where a municipality may be held liable under 42 U.S.C. § 1983 if the constitutional violation resulted from an official policy, practice, or custom. When a law enforcement agency either explicitly authorizes, fails to discipline, or turns a blind eye to the use of

such racially charged force, it demonstrates a deliberate indifference to the rights of individuals, effectively establishing a policy or custom of permitting excessive force and racial discrimination. This tacit approval of racially biased tactics—such as targeting and pulling individuals by dreadlocks—amounts to an unconstitutional custom. Similarly, a use of force policy in effect with the City of Culver and CCPD, that despite the enactment of AB1196 restricting all uses of chokeholds, is silent in that it does not explicitly restrict such force is a custom and practice warranting liability under *Monell*.

41. The injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies and decisions of Defendants CCPD, including, but not limited to, inadequately training and supervising and failing to provide a different kind of training to CCPD and its officers, with respect to the reasonable and proper use of force against civilians.

42. Plaintiff is informed and believes, and thereupon alleges, the City and CCPD hired, trained, supervised, employed and/or managed the individual officers, with conscious disregard of an deliberate indifference to the constitutional rights.

43. As set forth in the foregoing paragraphs of this Complaint, the Defendants' attack of DENZELL YOUNG was an unconstitutional display of

unreasonable and excessive force, which violated DENZEL YOUNG'S Fourth Amendment right.

44. This custom was the moving force and the reason behind the individual Defendants' violation of Plaintiff's constitutional rights.

45. Despite the fact that City and CCPD knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, CITY, and CCPD have taken no steps or efforts to prevent this course of conduct, nor to make redress to the Plaintiff, and have failed to take any disciplinary action whatsoever against any of its employees or agents.

46. Upon information and belief, Defendants with deliberate indifference to and/or reckless disregard for the safety and constitutional rights of Plaintiff and other citizens, maintained, enforced, tolerated, ratified, permitted, and acquiesced in, and/or applied unconstitutional practices, customs.

47. The failure to institute, require, and enforce proper and adequate training, supervision, policies and procedure concerning applying force.

48. As a direct and proximate result of the aforesaid acts, customs, practices, and decisions of the Defendants and each of them, Plaintiff DENZELL YOUNG has suffered great mental and physical pain, anguish fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment

and apprehension all to his damage in a sum to be determined at trial. Additionally, Plaintiff has been forced to incur substantial amounts for attorney's fees and other expenses in the prosecution of the above-articulated constitutional violations. Plaintiff is entitled to and hereby demand costs, attorney fees and expenses pursuant to 42 U.S.C. §1988.

## PRAYER FOR DAMAGES

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Exemplary and punitive damages against each Officer Defendant, in an amount according to proof;

4. Costs of suit, including attorneys' fees, under 42 U.S.C. § 1988, and any other applicable provision of law;

5. Such other relief may be warranted or as is just and proper.

///
///
///
///
///
///
///

**JURY DEMAND**

Plaintiff hereby demands that a jury be empaneled for the trial of this matter.

DATED: July 14, 2025

Respectfully Submitted,

/s/ Araksya Boyadzhyan
Araksya Boyadzhyan, Esq.
Attorney for Plaintiff