GEORGE G. MGDESYAN, ESQ. (SBN 225476)
ARAKSYA BOYADZHYAN, ESQ. (SBN 299917)
MGDESYAN LAW FIRM
4529 Sherman Oaks Avenue
Sherman Oaks, CA 91403
Telephone: (818) 386-6777
Facsimile: (818) 754-6778

Attorney for Plaintiff,
DENZELL YOUNG,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DENZELL YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CULVER CITY, CULVER CITY POLICY DEPARTMENT, KYWAN OWENS, RICO GUTIERREZ, and DOES 1 to 10, inclusive<br><br>Defendants. | Case No. 2:25-cv-02967-MWF (RAOx)<br><br>**PLAINTIFF DENZELL YOUNG'S OBJECTION TO EVIDENCE**<br><br><u>HEARING DATES PENDING:</u><br>Type: Motion for Summary Judgment<br>Date: December 16, 2026<br>Time: 10:00 a.m.<br>Ctrm: 5A |

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:

Plaintiff DENZELL YOUNG ("YOUNG") respectfully submits the following objections to the evidence offered by Defendants City of Culver City, Officer Kywan Owens, and Officer Rico Gutierrez ("DEFENDANTS") in support of their Motion for Summary Judgment, or in the alternative, Partial Summary Judgment:

**OBJECTIONS TO THE DECLARATION OF DEPUTY VIVIAN RAMIREZ (Dkt. #40-4) (Exhibit A) ("Vivian Ramirez Decl.")**

| NO. | PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|---|
| 1. | Vivian Ramirez Decl., ¶ 5, p. 2, lines 8-17, "Ms. Neal reported that she had been the victim of a domestic assault by Denzell Young. She stated that while riding as a passenger inside of Mr. Young's vehicle, which she later described as a gray Tesla with a broken front head light on the driver's side, Mr. Young hit her in her chest and left arm. She further reported that during the altercation, Mr. Young pulled out a black and gray semiautomatic firearm with bright green sights, which was located in between his driver's seat and center console, and pointed the gun at her. Ms. Neal stated that Mr. Young placed the semi-automatic handgun in his waistband, pulled her by her | Improper conclusion (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim given that the charges associated with Ms. Neal's case were dismissed, and Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). | ________<br>Sustain<br><br>________<br>Overrule |

| | | | |
|---|---|---|---|
| | hair, and strangled her. She reported that after he released her neck, he grabbed the handgun and pointed it towards her again | | |
| 2. | Vivian Ramirez Decl., ¶ 6, p. 2, lines 18-21 "Ms. Neal stated that Mr. Young drove her to a strip club called Crazy Girls, located at 1433 La Brea Ave., West Hollywood, CA, where she was able to exit the vehicle. She reported that she walked to Sunset Blvd. and Formosa Ave. and used a security guard's cell phone to call police." | Improper conclusion (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim given that the charges associated with Ms. Neal's case were dismissed, and Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). | ______<br>Sustain<br><br>______<br>Overrule |
| 3. | Vivian Ramirez Decl., ¶ 9, p. 3, lines 5-16 "Additionally, the records search showed Mr. Young had an extensive criminal history, which included 10 felony bookings and three (3) felony convictions, some | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance | ______ |

| | | | |
|---|---|---|---|
| | of which were for firearm offenses and domestic violence. These convictions included the following:<br>• March 2011 – Conviction for California Penal Code Section 12031(a)(1) (carrying loaded firearm);<br>• June 2013 – Conviction for California Penal Code Section 242/243(e)(1) (domestic battery);<br>• July 2017 – Conviction for California Penal Code Section 29800(a)(1) (firearm access violation);<br>• December 28, 2018 – Conviction for California Penal Code Section 242/243(e)(1) (domestic battery) | FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim; Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). | |
| 4. | Vivian Ramirez Decl., ¶ 10, p. 3, lines 17-18 "Mr. Young's criminal history also showed that he had previous bench and arrest warrants issued on him." | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance | ________ |

| | | | |
|---|---|---|---|
| | | FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim; Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). | |
| 5. | Vivian Ramirez Decl., ¶ 6, p. 2, lines 18-21. "Based on the information reported by Ms. Neal and my observations of her injuries, I concluded that there was probable cause to arrest Mr. Young the assault with a deadly weapon reported by Ms. Neal. Given Mr. Young's prior firearms arrests and convictions, and the details from Ms. Neal regarding Mr. | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); | ________ |

| | | | |
|---|---|---|---|
| | Young's use of a firearm during their altercation, Detective Yesenia Olvera flagged Mr. Young in the California Law Enforcement System ("CLETS") database as a felon, armed and dangerous. This was to inform any other law enforcement agencies or officers who may encounter Mr. Young that he was wanted for suspicion of a felony offense so that he may be arrested and to alert other agencies and officers of the possibility that he may be armed with a weapon. His vehicle information, including license plate, was included in the identifying information so that he could be arrested if pulled over in his vehicle." | | |
| | | | |

## OBJECTIONS TO THE DECLARATION OF DETECTIVE KYWAN OWENS

(Dkt. #40-12) (Exhibit I) ("Owens Decl.")

| NO. | PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|---|
| 6. | Kwyan Owens Decl., ¶ 5, lines 15-19, "This means that the registered owner of the vehicle has an outstanding arrest warrant for their suspected involvement in a felony offense. Additionally, this means that the suspect may be armed and dangerous because they were reported to be armed with a weapon during their commission of the offense." | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704) | ______ Sustain<br>______ Overrule |
| 7. | Kwyan Owens Decl., ¶ 6, pg. 2 line 20- pg. 3 line 1 "Prior to the subject incident, I have responded to multiple calls for service where a DMV check on a vehicle's license plate has returned as a "Felon, Armed and Dangerous," and the drivers of the vehicles were the registered owners. | Improper conclusion (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403; | ______ Sustain<br>______ Overrule |

| | | | |
|---|---|---|---|
| | In those situations, I detained the drivers in handcuffs so that I could further investigate the return on their license plate and whether they were the subject of the felony warrant. On multiple occasions, the drivers were, in fact, the subject with the outstanding warrants. The offenses from those prior situations included armed robberies, assaults with a deadly weapon, grand thefts, and other serious offenses. During some of these prior encounters, a weapon was recovered from the subject's vehicle subsequent to their detention or arrest" | | |
| 8. | Kwyan Owens Decl., ¶ 6, pg. 2 line 20- pg. 3 line 1 "I perceived that Mr. Young was continuing to resist his detention or attempting to flee from the scene or retrieve a weapon from his vehicle, especially since the driver's side door of his vehicle was still | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); | ______ |

| | | | |
|---|---|---|---|
| | open." | | |
| 9. | Kwyan Owen's Declaration ¶ 12, pg. 3 lines 5-7, "Because of this, and since I felt Mr. Young still physically resisting, I perceived that the punch was ineffective in subduing him." | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); | ______ |

OBJECTIONS TO THE DECLARATION OF OFFICER RICO GUTIERREZ (Dkt. #40-14) (Exhibit K) ("Gutierrez Decl.")

| NO. | PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|---|
| 10. | Gutierrez Decl., ¶ 6, pg.2 lines 16-25, "The area where we were detaining Mr. Young was next to a ravine that is located next to the 405 freeway off ramp. The ravine runs through to the City of Inglewood and parts of the City of Los Angeles. To my knowledge, it can reach as far as the beaches in Playa Del Rey. In my experience, suspects have fled on foot in that area in order to avoid apprehension or detection | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704) | ______ Sustain<br>______ Overrule |

| | | | |
|---|---|---|---|
| | by law enforcement because there are multiple tunnels running through the area. For this reason, law enforcement cannot fly air support helicopters or police drones overhead to assist with detecting suspects. Additionally, it often presents officer safety concerns with foot pursuits in that area because there are various places for suspects to conceal themselves or ambush officers.” | | |
| 11. | Gutierrez’s Decl., ¶ 7, pg. 2 line 26- pg. 3 line 3 “On prior occasions, the department has also had suspects flee on foot onto the 405 freeway and flee in the area of the Fox Hills shopping mall. In my training and experience, on occasion, suspects have fled into the mall or the areasurrounding the mall to avoid detection by law enforcement. This presents public safety concerns because there are a lot of innocent | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); | ______ Sustain<br>______ Overrule |

| | | | |
|---|---|---|---|
| | bystanders both on the 405 freeway and in the shopping mall area." | | |
| 12. | Gutierrez's Decl., ¶ 8, pg. 3 line 5-8 "I perceived that he was trying to break free from our hold so that he could either flee from the scene or arm himself by retrieving a weapon from his person or from his vehicle." | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); | ______ |
| 13. | Gutierrez's Decl., ¶ 10, pg. 3 line 15-19 "After Mr. Young was arrested, I conducted a search of his criminal history, which revealed three felony convictions within the state of California: (1) Penal Code Section 12031(a)(1) (carrying a loaded firearm); (2) Health and Safety Code Section 11378 (possession of a controlled substance for sales); and Vehicle Code Section 10851(a) (taking a vehicle without the owner's consent). | Lacks foundation (Fed. R. Evid. 601-602); Improper opinion (Fed. R. Evid. 701-702); Improper conclusion (Fed. R. Evid. 704); (Fed. R. Evid. 801) Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim; Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). | ______ |

OBJECTIONS TO THE DECLARATION OF DETECTIVE ROBERT GARRIDO

(Dkt. #40-15) (Exhibit L) ("Garrido Decl.")

| NO. | PROFFERED EVIDENCE | OBJECTION | RULING |
|---|---|---|---|
| 14. | Garrido Decl., ¶ 6, pg.2 lines 15-19, "At approximately 1:43 p.m., I contacted Detective Yesenia Olvera of the LASD West Hollywood station. Det. Olvera informed me that Mr. Young was the suspect in an assault with a firearm that was reported to the LASD. Det. Olvera instructed me to search Mr. Young's vehicle and to contact her if a firearm was located within the vehicle." | Lacks foundation (Fed. R. Evid. 601-602); Improper conclusion (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim given that the charges associated with Ms. Neal's case were dismissed, and Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). | ______ Sustain<br><br>______ Overrule |
| 15. | Garrido's Decl., ¶ 7, pg. 2 line 20-21 "After locating the | Lacks foundation (Fed. R. Evid. 601-602); Improper conclusion | ______ Sustain |

| | | | |
|---|---|---|---|
| | firearm and other evidence inside of Mr. Young's vehicle, I contacted Det. Olvera to inform her of our findings." | (Fed. R. Evid. 704); Hearsay (Fed. R. Evid. 801) Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403;<br><br>The proffered evidence has no material bearing on the adjudication of Plaintiff's excessive force claim given that the charges associated with Ms. Neal's case were dismissed, and Defendant Officers Owens and Gutierrez were not privy to such at the time they used force. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).<br><br>According to Officer Stefan Joncic Declarartion, See Dkt No. 40-16, Officer Joncic did the search of the vehicle. (See Declaration of Joncic ¶ 5). | ________<br>Overrule |

OBJECTIONS TO THE MINUTE ORDER PRINTED 10/03/2023

(Dkt. #40-21) (Exhibit R)

| | | | |
|---|---|---|---|
| 16. | Minute Order Case No. SA108134<br>The People of the State of California vs. | Lack of foundation, lack of authentication, and violation of the best evidence rule pursuant to Federal Rules of Evidence 901, 902(4), | ________<br>Sustain |

| | | | |
|---|---|---|---|
| | Denzell Rashad Young | and 1005, and Federal Rule of Civil Procedure 44(a)(1). The purported criminal court minute order is an uncertified copy of an official court record. Defendants have failed to provide a certified copy of the purported record | ______ Overrule |

**OBJECTIONS TO THE SUMMARY PRINTED REGARDING CASE NO. INGYA080489-01 The People of the State of California vs. Young, Denzell Rashad**

**(Dkt. #40-23) (Exhibit T)**

| | | | |
|---|---|---|---|
| 17. | Summary Printed of Criminal Case No. INGYA080489-01 The People of the State of California vs. Denzell Rashad Young | Lack of foundation, lack of authentication, and violation of the best evidence rule pursuant to Federal Rules of Evidence 901, 902(4), and 1005, and Federal Rule of Civil Procedure 44(a)(1). The purported criminal court summary is both uncertified. Defendants have failed to provide a certified copy of the purported record.<br><br>Furthermore, Plaintiff objects on Relevance FRE 401; Inadmissibility | ______ Sustain<br><br>______ Overrule |

| | | | |
|---|---|---|---|
| | | of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403; Defendant officers were not privy to the criminal conviction prior to their use of force. Furthermore, no declaration attesting to its authentication. | |

**<u>OBJECTIONS TO THE SUMMARY PRINTED REGARDING CASE NO. LACBA398637-01 The People of the State of California vs. Young, Denzell Rashad</u>**

**<u>(Dkt. #40-24) (Exhibit U)</u>**

| | | | |
|---|---|---|---|
| 18. | Summary Printed of Criminal Case No. LACBA398637-01 The People of the State of California vs. Denzell Rashad Young | Lack of foundation, lack of authentication, and violation of the best evidence rule pursuant to Federal Rules of Evidence 901, 902(4), and 1005, and Federal Rule of Civil Procedure 44(a)(1). The purported criminal court summary is both uncertified. Defendants have failed to provide a certified copy of the purported record.<br><br>Furthermore, Plaintiff | ______ Sustain<br><br>______ Overrule |

| | | | |
|---|---|---|---|
| | | objects on Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403; Defendant officers were not privy to the criminal conviction prior to their use of force. Furthermore, no declaration attesting to its authentication. | |

**<u>OBJECTIONS TO THE SUMMARY PRINTED REGARDING CASE NO. LAXSA095875-01 The People of the State of California vs. Young, Denzell Rashad</u>**

**<u>(Dkt. #40-25) (Exhibit V)</u>**

| | | | |
|---|---|---|---|
| 19. | Summary Printed of Criminal Case No. LAXSA095875-01 The People of the State of California vs. Denzell Rashad Young | Lack of foundation, lack of authentication, and violation of the best evidence rule pursuant to Federal Rules of Evidence 901, 902(4), and 1005, and Federal Rule of Civil Procedure 44(a)(1). The purported criminal court summary is both uncertified. Defendants have failed to provide a certified copy of the purported record.<br><br>Furthermore, Plaintiff | ______ Sustain<br><br>______ Overrule |

| | | | |
|---|---|---|---|
| | | objects on Relevance FRE 401; Inadmissibility of Irrelevant Evidence (FRE 402); Unfair Prejudice FRE 403; Defendant officers were not privy to the criminal conviction prior to their use of force. Furthermore, no declaration attesting to its authentication. | |

DATED: November 24, 2026

MGDESYAN LAW FIRM

/*s*/ Araksya Boyadzhyan
ARAKSYA BOYADZHYAN
Attorney for Plaintiff,
DENZELL YOUNG